UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATIE N. FISCHMAN,                    )     No. CV 08-7720-RC
                                      )
            Plaintiff,                )
                                      )     OPINION AND ORDER
       v.                             )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
            Defendant.                )
_____)

Plaintiff Katie N. Fischman filed a complaint on November 24, 2008, seeking review of the Commissioner's decision denying her application for disability benefits.  On April 27, 2009, the Commissioner answered the complaint, and the parties filed a joint stipulation on July 1, 2009.

**BACKGROUND**

On April 27, 2005, plaintiff filed an application for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since October 30, 2000, due to "venous thrombosis caused from a blood condition.  Legally blind in the left eye, minus 8 in the right eye."  Certified Administrative

Record ("A.R.") 93-97, 118.  The plaintiff's application was initially denied on August 18, 2005, and was denied again on December 2, 2005, following reconsideration.  A.R. 53-64.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Sally C. Reason ("the ALJ") on May 31, 2006.  A.R. 65-66, 228-47.  On June 28, 2006, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 37-45.  The plaintiff appealed this decision to the Appeals Council, which vacated the ALJ's decision and remanded for further proceedings on November 24, 2007.  A.R. 49-52, 80, 84-88.

The ALJ then conducted another administrative hearing on March 10, 2008.  A.R. 248-63.  On April 16, 2008, the ALJ issued a new decision again finding plaintiff is not disabled.  A.R. 15-25.  The plaintiff appealed the decision to the Appeals Council, which denied review on September 26, 2008.  A.R. 7-14, 221-27.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if the Commissioner's findings are supported by substantial evidence and whether he used the proper legal standards in reaching his decision.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).  The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R.

§ 404.1505(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 404.1520.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities.  20 C.F.R. § 404.1520(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 404.1520(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work.  20 C.F.R. § 404.1520(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity between her alleged onset date of October 30, 2000, and her date last

1 insured of December 31, 2005.  (Step One).  The ALJ then found

2 plaintiff has the following severe impairments:  "blindness in the

3 left eye with a history of central retinal vein occlusion, and retinal

4 degeneration in both eyes" (Step Two); however, she does not have an

5 impairment or combination of impairments that meets or equals a

6 Listing.  (Step Three).  The ALJ further determined plaintiff cannot

7 perform her past relevant work as a travel agent or travel agency

8 manager.  (Step Four).  Finally, the ALJ concluded plaintiff can

9 perform a significant number of jobs in the national economy;

10 therefore, she is not disabled.  (Step Five).

11

12                                II

13     A claimant's residual functional capacity ("RFC") is what she can

14 still do despite her physical, mental, nonexertional, and other

15 limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);

16 see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th

17 Cir. 2009) (RFC is "a summary of what the claimant is capable of doing

18 (for example, how much weight he can lift).").  Here, the ALJ found

19 plaintiff has the RFC "to perform a full range of work at all

20 exertional levels but with the following nonexertional limitations: no

21 work requiring good binocular vision, good depth perception, or full

22 peripheral vision."  A.R. 21.  However, plaintiff contends this

23 finding, as well as the Step Five determination, are not supported by

24 substantial evidence because the ALJ erroneously concluded she was not

25 a credible witness and failed to properly consider the opinion of her

26 treating physician.

27

28     The plaintiff testified at the administrative hearing that she is

1  unable to work because every time she reads "a little bit" her "eyes
2  go" or blur and she experiences "severe pain," and then plaintiff has
3  a panic attack.  A.R. 231, 236, 239-40, 243, 260.  The plaintiff
4  explained she cannot do paperwork or computer work and cannot read for
5  any length of time -- no more than a couple of paragraphs to a page --
6  before she experiences blurriness and eye pain.  A.R. 233-35.  Once
7  the eye pain starts, plaintiff testified she gets "a nasal drip" and
8  then "start[s] to get really nervous because the pain can be really
9  bad" and she feels as if she is going to go blind.  A.R. 235-36.

11     Once a claimant has presented objective evidence that she suffers
12  from an impairment that could cause pain or other nonexertional
13  limitations,[1] the ALJ may not discredit the claimant's testimony
14  "solely because the degree of pain alleged by the claimant is not
15  supported by objective medical evidence." Bunnell v. Sullivan, 947
16  F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d
17  882, 885 (9th Cir. 2004).  Thus, if the ALJ finds the claimant's
18  subjective complaints are not credible, she "'must provide specific,
19  cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968,
20  972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625,
21  635 (9th Cir. 2007).  Furthermore, if there is medical evidence
22  establishing an objective basis for some degree of pain and related
23  symptoms, and no evidence affirmatively suggesting that the claimant
24  is malingering, the ALJ's reasons for rejecting the claimant's

26        [1]  "While most cases discuss excess pain testimony rather
    than excess symptom testimony, rules developed to assure proper
27  consideration of excess pain apply equally to other medically
    related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88
28  (9th Cir. 1989).

testimony must be "clear and convincing."  Morgan v. Comm'r of the
Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez, 572 F.3d
at 591 (9th Cir. 2009).


     The ALJ discredited plaintiff's testimony, finding plaintiff's
"statements concerning the intensity, persistence and limiting effects
of [her] symptoms [were] not credible to the extent they [were]
inconsistent with the [RFC] assessment for [several] reasons[,]" A.R.
21, including that plaintiff "did not indicate any restriction in her
ability to perform normal activities of daily living (other than
difficulty reading) due to her visual condition during the period in
question."  A.R. 23.  However, "[t]he ALJ must make 'specific findings
relating to [the claimant's daily] activities' and their
transferability [to the workplace] to conclude that a claimant's daily
activities warrant an adverse credibility determination."  Orn, 495
F.3d at 639 (citation omitted); see also Vertigan v. Halter, 260 F.3d
1044, 1049 (9th Cir. 2001) ("With respect to daily activities, . . .
if a claimant 'is able to spend a *substantial part* of [her] day
engaged in pursuits involving the performance of physical functions
that are transferable to a work setting, a specific finding as to this
fact may be sufficient to discredit a claimant's allegations.'"
(quoting Morgan, 169 F.3d at 600)); Gonzalez v. Sullivan, 914 F.2d
1197, 1201 (9th Cir. 1990) (If daily activity evidence is used to
rebut claims of nonexertional limitations, the ALJ must find "the
ability to perform those daily activities translate[s] into the
ability to perform appropriate work.").  Here, the ALJ made no such
findings, and her conclusory reference to daily living activities –
with absolutely no discussion of what those activities involve or how

such activities translate into an ability to work – cannot support the ALJ's negative credibility assessment.  Orn, 495 F.3d at 639; Vertigan, 260 F.3d at 1049-50.

The ALJ also based her adverse credibility determination on the finding that plaintiff "does not appear to be taking any prescribed medications."  A.R. 23.  However, since there is apparently no treatment for plaintiff's eye condition that requires prescription medication, A.R. 123, 155, 184, 186, this, too, is not a clear and convincing reason for rejecting plaintiff's testimony.  Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1296 (9th Cir. 1999).

Further, the ALJ found plaintiff's "contention of a lack of ability to perform any paperwork or computer work with her remaining right eye vision due to eye strain and headaches is not supported by the medical evidence for the period through December 31, 2005."  A.R. 23.  However, since this finding is grossly conclusory, and the ALJ did not further elaborate on it, this finding also does not provide a clear and convincing reason for rejecting plaintiff's testimony.  See Regennitter, 166 F.3d at 1297 (An ALJ's determination that claimant's complaints are inconsistent with clinical findings "could satisfy the requirement of a clear and convincing reason for discrediting a claimant's testimony, except that the ALJ did not specify what complaints are contradicted by what clinical observations.").  Moreover, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it."  Vertigan, 260 F.3d at 1049; see also Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.

1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings."). In any event, even assuming *arguendo* the ALJ relied on the fact that on visual acuity tests plaintiff's corrected vision in the right eye is between 20/30 and 20/50, <u>see</u> A.R. 22, such testing does **not** conflict with plaintiff's complaints that she experiences blurred vision and pain after reading no more than a couple of paragraphs to a page; rather, plaintiff's complaint is not that she cannot see out of her right eye at all, but that when she uses her right eye to read for a few minutes, her vision blurs and she has eye pain.[2] Such complaints are not inconsistent with the ability to read a few lines on an eye chart; therefore, this is not a clear and convincing reason for rejecting plaintiff's testimony. <u>Vasquez</u>, 572 F.3d at 592-93.

Finally, the ALJ's finding of a normal consultative internal

---

[2]   The Court notes that plaintiff's medical records from Kaiser Permanente document plaintiff's long-standing complaints of right eye pain, triggered primarily by work-related activities. For instance, on December 28, 2000, shortly after plaintiff stopped working, an ophthalmologist at Kaiser Permanente examined plaintiff, diagnosed her with intermittent deep eye pain, and reported plaintiff complained of deep eye pain off-and-on and she usually experiences such pain while working on a computer at work. A.R. 207. This physician also noted plaintiff did not work over the holidays and did not experience any deep eye pain. <u>Id.</u> On January 2001, Dr. Weingarten, an ophthalmologist at Kaiser, diagnosed plaintiff with eye pain, etiology unknown, and noted plaintiff complained of deep eye pain for the past three days. A.R. 205. On March 22, 2001, Dr. Weingarten noted plaintiff indicated she can only focus for 10-15 minutes and then gets deep pain and floaters, and on April 5, 2001, Dr. Weingarten noted that a pain clinic referral should be considered. A.R. 203.

examination in July 2005 by Ursula Taylor, M.D., A.R. 23, does not
support the ALJ's adverse credibility finding since Dr. Taylor, an
internist, did not specifically address plaintiff's eye pain despite
her complaints of eye pain and fatigue with overuse.  A.R. 157-62.
Similarly, the ALJ's findings that plaintiff "has no other physical or
mental impairments" and has "never received any counseling or other
treatment" for nervousness and occasional "panic attacks" do not
support the ALJ's adverse credibility determination because they do
not address plaintiff's testimony about her eye condition, which is
the impairment that prevents plaintiff from working.

     For all these reasons, the ALJ did not provide clear and
convincing reasons for discrediting plaintiff's testimony; thus, the
RFC determination, which does not reflect plaintiff's testimony, is
not supported "by substantial evidence based on the record as a
whole."  Reddick v. Chater, 157 F.3d 715, 724 (9th Cir. 1998);
Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007).  "Nor
does substantial evidence support the ALJ's step-five determination,
since it was based on this erroneous RFC assessment."  Lingenfelter,
504 F.3d at 1041.

                              III

     When the Commissioner's decision is not supported by substantial
evidence, the Court has authority to affirm, modify, or reverse the
Commissioner's decision "with or without remanding the cause for
rehearing."  42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072,
1076 (9th Cir. 2002).  "Remand for further administrative proceedings
is appropriate if enhancement of the record would be useful." Benecke

1  v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman v. Apfel,

2  211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

3  Here, since there are "insufficient findings as to whether claimant's

4  testimony should be credited as true," remand is the appropriate

5  remedy.[3]  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

6

7                              **ORDER**

8       IT IS ORDERED that: (1) plaintiff's request for relief is

9  granted; and (2) the Commissioner's decision is reversed, and the

10  action is remanded to the Social Security Administration for further

11  proceedings consistent with this Opinion and Order, pursuant to

12  sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered

13  accordingly.

14

15  DATE: February 3, 2010              /S/ ROSALYN M. CHAPMAN
                                        ROSALYN M. CHAPMAN
16                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25  _____

26       [3]  Having reached this conclusion, it is unnecessary to
   address the other claim plaintiff raises, which would not provide
27  plaintiff any further relief than herein granted.

28  R&R-MDO\08-7720.mdo
    2/3/10